# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 16-cv-02583-CMA

MONCERRAT LOPEZ ORTEGA,

 Plaintiff,

v.

UNITED STATES OF AMERICA,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and
KRISTI BARROWS, Acting District Director of USCIS,

 Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

 This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 41), which the Plaintiff Moncerrat Lopez Ortega opposes (Doc. # 44). The sole issue presented for review is whether this Court has jurisdiction under the Administrative Procedure Act (APA) to hear Mr. Lopez's challenge to the United States Citizenship and Immigration Services' (USCIS) denial of his application for adjustment of status, given that removal proceedings are simultaneously pending against him. For the following reasons, the Court concludes that it does not have jurisdiction over this action and must accordingly dismiss this case.

## I. BACKGROUND

Mr. Lopez is a native and citizen of Mexico who lives in Denver, Colorado. (Doc. # 1 at ¶ 3.) Mr. Lopez last departed from the United States sometime in December 2004; he then re-entered in later that same month December 2004 after being inspected and admitted using his border crossing card. (*Id.* at ¶ 9.) On February 18, 2015, Mr. Lopez filed an I-485 application for adjustment of status. (*Id.* at ¶ 11.) USCIS denied his application on August 24, 2016, finding that Mr. Lopez was inadmissible to the United States under INA 212(a)(9)(B)(i)(II). (*Id.* at ¶ 12.)

On October 17, 2016, Mr. Lopez commenced this action seeking judicial review of USCIS's denial of his application for a status adjustment under the APA. (Doc. # 1.) At the time, Mr. Lopez had no other remedies to pursue. On January 9, 2018, Defendants issued a Notice to Appear (NTA), charging Mr. Lopez as removable under the INA. (Doc. # 41 at 7–9.) A removal proceeding hearing is scheduled for May 2018. (Doc. # 41 at 2, n. 2.)

Defendants' instant Motion to Dismiss, filed on January 16, 2018, argues that the recently-filed NTA and pending removal proceedings strip this Court of jurisdiction because the challenged USCIS denial is not final as required under the APA, given that Mr. Lopez "can continue to pursue his application for adjustment of status through administrative channels." (*Id.* at 1–2.)

## II. LAW

### A. FINALITY UNDER THE APA

Under the APA, agency action is subject to judicial review only when it is either: (1) made reviewable by statute; or (2) a "final" action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. No statute authorizes judicial review over denials of status adjustment, so the Court must determine whether USCIS's denial of the Mr. Gomez's application was a "final" agency action for which there is no other adequate remedy.

Generally, two conditions must be satisfied for agency action to be "final" under the APA. "First, the action must mark the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Engineers v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016) (*citing Bennett v. Spear*, 520 U.S. 154 (1997)); *see also Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties."). An agency action is not final if it "does not of itself adversely affect complainant but only affects his rights adversely on the contingency of future administrative action." *Rochester Tel. Corp. v. United States*, 307 U.S. 125, 130 (1939); *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 496 (6th Cir. 2014).

Likewise, the APA establishes that agency action is "final" and therefore "subject to judicial review" only after "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." *Darby v. Cisneros*, 509 U.S. 137 (1993) (quoting 5 U.S.C. § 704).

## B. FINALITY OF A CHALLENGE TO DENIAL OF STATUS ADJUSTMENT

Broadly speaking, "adjustment of status" is an application filed by an alien who is physically in the United States to adjust his non-immigrant status to immigrant status, i.e. permanent resident status.

Pursuant to 8 C.F.R 245.2(a)(5)(ii), "No appeal lies from the denial of an application [for an adjustment of status]. . . but the applicant . . . retains the right to renew his or her application in proceedings under 8 CFR part 240," i.e. in removal proceedings. In other words, without a pending removal proceeding, a denial of status adjustment is final because there is no appeal to a superior administrative agency.

On the other hand, when a NTA is issued and removal proceedings are pending, further administrative relief is available. Indeed, the immigrant is given the full opportunity to renew his application and develop his status adjustment arguments before an IJ. See 8 C.F.R. §§ 245.2(a)(5)(ii), (c), 1245.2(a) (applicant "retains the right to renew his or her application in [removal] proceedings"). The IJ then has authority to modify or reverse USCIS's denial, 8 C.F.R. § 1240.1(a)(1)(ii), and has "exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." 8 C.F.R. § 1245.2(a)(1)(i).

4

## III. ANALYSIS

Considering these legal principles, the Court finds that the issuance of an NTA and commencement of removal proceedings have stripped this Court of jurisdiction over this case. Because Mr. Lopez will have the opportunity to renew his application for adjustment of status, fully develop his arguments, and have it adjudicated by an IJ, the USCIS's denial of his previous application does not yet represent the consummation of the agency's decision-making process. It is an intermediate step in his removal process and is not yet final under the APA.[1]

In so concluding, the Court joins the majority of circuits to have addressed this issue. *See Pinho v. Gonzales*, 432 F.3d 193, 202 (3d Cir. 2005) (an adjustment of status "decision is final where there are no deportation proceedings pending in which the decision might be reopened or challenged"); *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 497 (6th Cir. 2014) ("For these reasons, we hold that . . . denial of a status adjustment application are not "final agency actions" reviewable in district court under the APA" when removal proceedings are ongoing.); *Cabaccang v. U.S. Citizenship & Immigration Servs.*, 627 F.3d 1313, 1316 (9th Cir. 2010) ("Accordingly, we join our sister circuits in holding that district courts lack jurisdiction to review denials of status

---

[1] Not only does this Court lack jurisdiction because there has not been any final agency action, but the pendency of removal proceedings also means that Mr. Lopez has not exhausted his administrative remedies. *See Reiter v. Cooper*, 507 U.S. 258, 269 (1993). "Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Id.* This rule allows agencies to develop a complete factual record and apply their expertise before judicial review occurs. *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677 (9th Cir. 1988). Only in "exceptional circumstances" is administrative exhaustion not required. *Id.* This is not an exceptional circumstance. As mentioned, Mr. Lopez presently has the ability to reopen his application to adjust status during his pending removal proceeding.

adjustment if removal proceedings are simultaneously pending.") (citing *Howell v. INS*, 72 F.3d 288, 292–93 & n. 5 (2d Cir. 1995); *Randall v. Meese*, 854 F.2d 472, 481–82 (D.C.Cir. 1988)); *Ibarra v. Swacina*, 628 F.3d 1269, 1269–70 (11th Cir. 2010) (affirming that agency action denying status adjustment not final because the plaintiff was currently in removal proceedings).

Moreover, the Court rejects Mr. Lopez's argument that "jurisdiction vested with [this Court] upon the filing of the complain[t] on October 17, 2016, notwithstanding the subsequent initiation of removal proceedings." (Doc. # 44 at 2.) Although jurisdiction is usually determined from the filing of the relevant complaint, after-occurring events can defeat jurisdiction. *Rippey v. Denver U. S. Nat. Bank*, 42 F.R.D. 316, 317 (D. Colo. 1967); *Hose v. INS*, 180 F.3d 992, 996 (9th Cir. 1999); *Mollan v. Torrance*, 22 U.S. 537, 6 L. Ed. 154 (1824). Such is the case here. Regardless of the fact that Defendants issued the NTA charging Mr. Lopez with removability after the commencement of this action, the pendency of removal proceedings now means that Mr. Lopez's claims are not ripe for this Court's review. *Sierra Club v. Yeutter*, 911 F.2d 1405, 1416 (10th Cir. 1990) (courts should use caution against decision where harm is contingent upon uncertain or speculative future administrative action).

To hold otherwise would allow plaintiffs to confer jurisdiction on the federal courts simply by racing to the courthouse before the government initiates removal proceedings. Moreover, at the conclusion of the removal proceedings, Mr. Lopez can challenge both the outcome of those proceedings as well as USCIS's actions in a petition for review. Thus, there remains an avenue available for effective review of

6

USCIS's decision to deny his status adjustment application, and this suit is not Mr. Lopez's "only remedy" as he contends. *See Jama*, 760 F.3d at 497; *Cabaccang*, 627 F.3d at 1317.

The Court is by no means condoning the Defendants' delayed initiation of removal proceedings, binding this Court's hands. The Court sees little reason why Defendants could not have issued the NTA sooner, saving this Court and the Parties significant time and resources.

## IV. CONCLUSION

Based on the forgoing analysis, the Court GRANTS Defendants' Motion to Dismiss (Doc. # 41) and ORDERS this case dismissed for lack of subject matter jurisdiction.

DATED: February 28, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge